**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| ROBERT H. CROWE AND EMMA C CROWE, | ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) CIVIL ACTION NO. 3:08CV179- |
| | ) Russell County:CV-08-047 |
| vs. | ) |
| | ) |
| BELLSOUTH TELECOMMUNICATIONS INC., and STAR CONSTRUCTION, LLC. | ) ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

COMES NOW, Bellsouth Telecommunications, Inc., and Star Construction, LLC. (herein after referred to as "Defendants") the named Defendants herein and gives notice, with full reservation of all defenses, that this cause is hereby removed from the Circuit Court of Russell County, Alabama, to the United States District Court for the Middle District of Alabama, Eastern Division. As and for the basis for this Notice of Removal, Defendants show unto the Court as follows:

1.      This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of cases.

2.      On or about February 2, 2008, Plaintiffs commenced the above styled action by filing a complaint against defendants.

3.       The removal of this action is based upon diversity of citizenship. This Court has original jurisdiction of this case under 28 U.S. C. §1332 (a) because there exists complete diversity of citizenship between plaintiffs and all named defendants,

and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.      Upon information and belief, Plaintiffs are residents of the State of Alabama.

5.      Defendant BellSouth Telecommunications, Inc., is a Georgia corporation with its principal place of business in Georgia.

6.      Defendant Star Construction is a Delaware Corporation with its principal place of business in Florida.

7.      The amount in controversy requirement is satisfied in this case based on Plaintiffs' pleadings. Plaintiffs seek damages for the alleged willful, wanton and intentional trespass and cutting, damage, and removal of trees by Defendants from Plaintiffs' property. Furthermore, Plaintiff states the trespass was committed under circumstances of insult and contumely and the trespass was perpetrated in a rude, wanton, reckless or insulting manner. Plaintiffs do not specify an amount for damages but the language in the complaint speaks to recovering compensatory as well as punitive damages.

8.  The amount in controversy requirement can also be satisfied by the attached affidavit from Jack Dollar which specifies that Plaintiffs' requested a minimum sum of $100,000.00.

9. When plaintiffs make an unspecified claim for damages, the removing party need only show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional limit of this Court for purposes of diversity jurisdiction. *Tapscott v. M.S. Dealer Service Corp.*, 77 F. 3rd. 1353.1359. (11th Cir.,1996) *overruled on other grounds, Cohen v. Office Depot , Inc.*, 204 F.3d 1069 (11th Cir. 2000). Given

the fact that Plaintiffs are seeking unspecified damages for willful, wanton, and intentional trespass, as well as, cutting, damage and removal of trees, the total amount in controversy clearly exceeds $75,000, exclusive of interest and costs.

10.  No pleadings or other actions have been taken by Defendants in the Circuit Court for Russell County.

11.  This Notice is filed within thirty days of receipt of service of a copy of the Complaint by certified mail on February 12, 2008, upon Star Construction, LLC.

12.  Venue is proper in the Middle District of Alabama, Eastern Division, pursuant to 28 U.S.C. §81, as Russell County is the place where the alleged incident occurred and is within this district's and division's boundaries.

13.  Pursuant to 28 U.S.C. §1446(d), Defendant has sent written notice of removal to plaintiff and has filed a copy of this notice with the Clerk of the Circuit of Russell County.

14.  Copies of all pleadings filed in the Circuit Court of Russell County are attached hereto as Exhibit A.

WHEREFORE, Defendants, respectfully submits that this matter has been properly removed from the Circuit Court of Russell County, Alabama, and requests that this Court take proper jurisdiction of this matter in the United States District Court for the Middle District of Alabama, Eastern Division.

Respectfully submitted this 13th day of March 2008.

SAM INGRAM (ASB#8413-A49S)
Attorney for Defendants

OF COUNSEL:
Carpenter, Ingram & Mosholder, LLP
303 Sterling Centre
4121 Carmichael Road
Montgomery, AL 36106
Telephone: (334) 213-5600

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2008, I electronically filed the foregoing with the Clerk of the Court using the Ala File System which sends information of such filing to counsel of record in this cause and those not registered with Ala File for electronic notification have been served placing a copy of the same in the U.S. mail, postage prepaid, and properly addressed this 13th day of March, 2008.

Mr. Sam E. Loftin
P.O. Box 2566
Phenix City, AL 36868

Ms. Kathy Coulter
Russell County Circuit Clerk
P.O. Box 518
Phenix City, AL 36868

ATTORNEY FOR DEFENDANT

STATE OF GEORGIA            )
                                       )
COUNTY OF TROUP             )

## AFFIDAVIT OF JACK DOLLAR

My name is Jack Dollar. I am employed by AT&T. I work in Risk Management-Claims. I understand that Robert and Emma Crowe have filed a lawsuit in the Circuit Court of Russell County, Alabama alleging that Star Construction, LLC and BellSouth Telecommunications, Inc. Willfully, wantonly and intentionally trespassed onto their property and cut, damaged and removed trees.

I understand that the plaintiffs have not asked for a specific amount in their complaint. I had discussions with Robert Crowe about this in early 2007. At that time, Mr. Crowe indicated to me that he felt his damages exceeded $100,000.00 for what he contends his losses were as a result of what he has alleged in his complaint.

 

_____     3/11/08
JACK DOLLAR                             DATE

STATE OF _Georgia_ )
COUNTY OF _Troup_ )

Before me, the undersigned Notary Public, personally came and appeared Jack Dollar, who after being duly sworn, deposed and said the foregoing had been read by her or read to her, and with a full understanding of the foregoing, she executed the same on this 12th day of March, 2008.

_____
NOTARY PUBLIC
My Commission expires: _____

LISA A. SAMS
NOTARY
MY COMM EXP.
NOV. 4, 2010
PUBLIC
TROUP CO GA.

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

ROBERT H. CROWE and )
EMMA C. CROWE, )
)
Plaintiffs, )
)
Vs. )    CASE NO. CV-2008- O47
)
BELLSOUTH TELECOMMUNICATIONS, )
INC. and STAR CONSTRUCTION, LLC, )
)
Defendants. )

<u>**COMPLAINT**</u>

| THIS DOCUMENT |
| PREPARED BY |
| PLAINTIFF OR |
| PLAINTIFF'S ATTORNEY |

1.    Robert H. Crowe has fee simple title to and owns the property described in a deed from Emma C. Crowe (Attached hereto as Exhibit A), save and except that portion described in a deed from Robert C. Crowe to Calvin L. Thrash, Jr.  (Attached hereto as Exhibit B).

2.    Emma C. Crowe has a life estate to the house and the curtlage located on said property.

3.    Star Construction, LLC, hereafter Star, contracted with BellSouth to cut and trim trees and brush for BellSouth's telephone lines and cables.

4.    In or around December, 2006, Defendants willfully, wantonly and intentionally trespassed onto Plaintiff's property and cut, damaged and removed trees. Defendants had no legal right to be on the premises or to cut and remove the trees the

5.    The trespass was committed under circumstances of insult and contumely.

6.    The trespass was perpetrated in a rude, wanton, reckless or insulting manner.

WHEREFORE, Plaintiffs demand judgment against Defendants in such sum as the Court shall assess, plus interest and costs.

LOFTIN, LOFTIN & HALL

BY: _Sam E. Loftin_

SAM E. LOFTIN (LOF004)
ATTORNEY FOR PLAINTIFFS
POST OFFICE BOX 2566
PHENIX CITY, ALABAMA 36868-2566
(334) 297-1870

Please serve the Defendants by certified mail at the following address:

**BELLSOUTH TELECOMMUNICATIONS, INC.**
c/o Prentice Hall Corporation System, Inc.
150 South Perry Street
Montgomery, Alabama 36104

**STAR CONSTRUCTION, LLC**
c/o Mr. Allen Stoutt
P. O. Box 6297
Knoxville, Tennessee 37914

## EXHIBIT A

WARRANTY DEED

THE STATE OF ALABAMA, RUSSELL COUNTY:

KNOW ALL MEN BY THESE PRESENTS, That _____ Emma C. Crowe, a widow _____

VOL **515** PAGE **370**

_____ the Grantor(s) executing this conveyance, for and in

consideration of the sum of __ Ten Dollars and other valuable considerations _____ Dollars,

to said Grantor(s) in hand paid by ___ Robert H. Crowe _____

_____ Grantee(s) in this conveyance, the receipt whereof is hereby acknowledged, have this day bargained, sold, enfeoffed, conveyed, and do by these presents bargain, sell, enfeoff and convey to the said Grantee(s) the following described tract or parcel of land, to-wit:

26.732 acres, more or less, according to a survey of part of Section 17, Township 15 north, Range 30 east, Russell County, Alabama, and being more particularly described according to a plat prepared by Faircloth and Associates on April 26, 1973, as follows, to-wit:

Commence at the southwest corner of the northeast 1/4 of Section 17, Township 15 north, Range 30 east and run thence north 03 degrees 18 minutes west 1130.43 feet to an iron pin at the point of beginning; thence north 03 degrees 09 minutes west 330.0 feet to an iron pin; thence south 86 degrees 37 minutes east 1510.25 feet to an iron pin on the easternmost margin of a public road (formerly Kitetown Road); thence north 26 degrees 59 minutes west 221.65 feet to an iron pin; thence along a radius of 3083.26 feet a distance on an arc of 313.12 feet to an iron pin; thence along a radius of 939.8 feet, with an arc of 168.73 feet to an iron pin; thence north 11 degrees 43 minutes west 174.67 feet to an iron pin; thence on an arc of 8597.97 feet, with an arc of 463.60 feet to an iron pin; thence north 08 degrees 41 minutes west 77.42 feet to an iron pin; thence north 86 degrees 14 minutes east 1922.90 feet to an iron pin; thence south 03 degrees 23 minutes east 660.0 feet to an iron pin; thence north 86 degrees 37 minutes east 1227.53 feet to an iron pin; thence south 03 degrees 30 minutes east 824.16 feet to an iron pin; thence north 86 degrees 37 minutes east 104.62 feet to an iron pin; thence south 03 degrees 23 minutes east 208.55 feet to an iron pin; thence south 86 degrees 37 minutes west 1423.62 feet to an iron pin at the point of beginning.

SAVE AND EXCEPT:
1.157 acres, lying in part of Section 17, Township 15 north, Range 30 east, Russell County, Alabama, and being more particularly described according to a survey prepared by R. L. Faircloth on February 18, 1974, as follows, to-wit:  Commence at the southeast corner of the northeast 1/4 of Section 17, Township 15 north, Range 29 East, and run thence north 03 degrees 18 minutes west 1130.43 feet to an iron pin; thence north 01 degrees 39 minutes east 1035.81 feet to an iron pin; thence north 03 degrees 23 minutes west 169.81 feet to an iron pin at the point of beginning; thence north 20 degrees 33 minutes west 201.65 feet to an iron pin; thence north 32 degrees 41 minutes west 350.97 feet to an iron pin; thence north 86 degrees 14 minutes east 231.21 feet to an iron pin; thence south 03 degrees 23 minutes east 500.19 feet to the iron pin at the point of beginning.
Grantor reserves unto herself the use of the house and curtlage during her lifetime.
situated, lying and being in the County of Russell and State of Alabama.

To have and to hold unto the said Grantee(s), or his [(her), (their), (its)] heirs, executors, administrators, successors and assigns forever in fee simple. And said Grantor(s) hereby covenant(s) with the said Grantee(s) that said Grantor(s) is (are) seized in the fee of the aforesaid premises, and has (have) the right to sell and convey the same, and said Grantor(s) does (do) hereby warrant the title to the aforesaid premises, and agree(s) to defend the same from lawful claims of all persons whatsoever.

In witness thereof, the said Grantor(s) hereunto sets (set) his [(her), (their), (its)] hand(s) and seal(s) this __17__ day of ___ May _____ 19_74_

_____

_Emma C. Crowe_ (L. S.)
Emma C. Crowe

STATE OF ALABAMA
RUSSELL COUNTY

_____ hereby certify that _____
_1.00_ _____ Privilege Tax _____
has been paid on the within instrument as required by law.

_W. R. Brown_____
Judge of Probate

FILED IN PROBATE OFFICE
RUSSELL COUNTY, ALA.

1974 MAY 20  PM 3 00

W. R. BROWN
JUDGE (L. S.)

PREPARED BY LAW OFFICES OF
PHILLIPS & FUNDERBURK
PHENIX NATIONAL BANK BUILDING
P. O. BOX 1033
PHENIX CITY, ALABAMA 36867

[VOL. **515** PAGE **371**

THE STATE OF ALABAMA
COUNTY OF RUSSELL

I, _____ the undersigned authority _____, a Notary Public in and for said County, in said State, hereby certify that _____ Emma C. Crowe, a widow _____

whose name(s) is (are) signed to the foregoing conveyance, who is (are) known to me, acknowledged before me on this day, that being informed of the contents thereof, he (she) (they) voluntarily executed the same on the day of its date.

Given under my hand and seal this the __17th__ day of _____ April _____, 1974

My Commission Expires August 30, 1977

_____
Notary Public

STATE OF ALABAMA
COUNTY OF RUSSELL

I, _____, a Notary Public in and for said County, in said State, hereby certify that _____, whose name as _____ of the _____, a corporation, is signed to the foregoing conveyance, and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, he, as such officer and with full authority, executed the same voluntarily for and as the act of said corporation.

Given under my hand and seal this the _____ day of _____

_____
Notary Public

1974 MAY 20 PM 2:00

W. K. BROWN
JUDGE

STATE OF ALABAMA
COUNTY OF RUSSELL

I, _____, a Notary Public in and for said County, in said State, hereby certify that _____, whose name as _____ of the _____, a corporation, is signed to the foregoing conveyance, and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, he, as such officer and with full authority, executed the same voluntarily for and as the act of said corporation.

Given under my hand and seal this the _____ day of _____, 19____

_____
Notary Public

THE STATE OF _____
COUNTY OF _____

I, _____, a Notary Public in and for said County, in said State, hereby certify that _____

whose name(s) is (are) signed to the foregoing conveyance, who is (are) known to me, acknowledged before me on this day, that being informed of the contents thereof, he (she) (they) voluntarily executed the same on the day of its date.

Given under my hand and seal this the _____ day of _____, 19____

_____
Notary Public

## Warranty Deed

EMMA C. CROWE, a widow
FROM

TO

ROBERT H. CROWE

Received in my office for record on ...........

and duly recorded in Record of Deeds,

Vol. ............ Page ............

.......... day of .........., 19...., at ........ o'clock ...... M.

.........................
Judge of Probate

LAW OFFICES
PHILLIPS & FUNDERBURK
PHENIX NATIONAL BANK BUILDING
P.O. BOX 1948
PHENIX CITY, ALABAMA 36867

# EXHIBIT B

THIS INSTRUMENT PREPARED
BY *James Bryan* AN EMPLOYEE
OF CORNETT & PERDUE, ATTORNEYS
PHENIX CITY, ALABAMA

WARRANTY DEED

**VOL 541 PAGE 336**

THE STATE OF ALABAMA_____ RUSSELL_____ COUNTY

KNOW ALL MEN BY THESE PRESENTS, That _Robert H. Crowe, a single man_

_____ the grantor executing this conveyance, for and in

consideration of the sum of _Ten Dollars and other valuable consideration ($10.00 /$ OVC) _ Dollars

to said grantor in h____ paid by __Calvin L. Thrash, Jr._

_Rt. 1, Box 273 , Seale, Alabama_

_____ grantee in this conveyance, the receipt whereof is hereby

acknowledged, have this day bargained, sold, enfeoffed, conveyed, and do by these presents bargain, sell enfeoff

and convey to the said Grantee the following tract or parcel of land, to-wit:

> Starting at the Southwest corner of Section 8, T15N, R30E, Russell County,
> Alabama; thence on a bearing of N86°14'E along the South section line of Sec-
> tion 8, a distance of Seven Hundred Fifty Four (754) feet to an iron which
> is the point of beginning; thence continue on the bearing of N86°14'E a distance
> of One Thousand Six Hundred Ninety One and Sixty-nine Hundredths (1691.69)
> feet to an Iron, thence on a bearing of S32°41'E a distance of Forty and Two
> tenths (40.2) feet to a point, thence in a Northwesterly direction along a
> 15°00' curve a distance of Seventy (70) feet to the P.C. of said curve,
> thence on a bearing of S86°58'W a distance of One Thousand Six Hundred Twenty
> Two and Thirty Five Hundredths (1622.35) feet to a point; thence on a bearing
> of N8°41'W a distance of Twenty Five (25) feet to the point of beginning.
>
> Said strip of land contains 1.25 acres more or less and is lying in the North 1/2
> of the Northwest 1/4 of Section 17, T15N, R30E, Russell County, Alabama.

STATE OF ALABAMA
RUSSELL COUNTY

I hereby certify that
$ _2.00_ Privilege Tax
has been paid on the within
instrument as required by law.

_W K Brown_
Judge of Probate

FILED IN PROBATE OFFICE
RUSSELL COUNTY, ALA.

1977 JAN 11 AM 11:00

W. K. BROWN
JUDGE

situated, lying and being in the County of ____Russell____ and State of Alabama

To have and to hold unto the said grantee _his_ heirs, executors and administrators and assigns forever in fee

simple. And said grantor _does_ hereby covenants with the said Grantee that said grantor _is_ seized in the

fee of the aforesaid premises, and has the right to sell and convey the same, and said grantor does hereby warrant

the title to the aforesaid premises, and agrees to defend the same from lawful claims of all persons whatsoever.

In testimony of all of which, the said grantors hereunto set __his__ hands and seals this _11_

day of __January__, 19 77 .

Attest:

_Dan Smith_

_Robert H. Crowe_ (L. S.)
ROBERT H. CROWE

_____ (L. S.)

FVOL **541** PAGE **337**

THE STATE OF ALABAMA
COUNTY OF RUSSELL

I, _____ the undersigned authority _____, a Notary Public in and for said County, in said State, hereby certify that _____ Robert H. Crowe, a single person _____

whose name(s) is (are) signed to the foregoing conveyance, who is (are) known to me, acknowledged before me on this day, that being informed of the contents thereof, he (she) (they) voluntarily executed the same on the day of its date.

Given under my hand and seal this the _____ day of _____ January _____

_Notary Public_
My Commission Expires August 2, 1979

My Commission Expires: _____

(Notary Seal)

STATE OF ALABAMA
COUNTY OF RUSSELL

I, _____, a Notary Public in and for said County, in said State, hereby certify that _____, whose name as _____ of the _____, a corporation, is signed to the foregoing conveyance, and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, he, as such officer and with full authority, executed the same voluntarily for and as the act of said corporation.

Given under my hand and seal this the _____ day of _____, 19 _____

_____
Notary Public

THE STATE OF _____
COUNTY OF _____

I, _____, a Notary Public in and for said County, in said State, hereby certify that _____, whose name as _____ of the _____, a corporation, is signed to the foregoing conveyance, and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, he, as such officer and with full authority, executed the same voluntarily for and as the act of said corporation.

Given under my hand and seal this the _____ day of _____, 19 _____

_____
Notary Public

THE STATE OF _____
COUNTY OF _____

I, _____, a Notary Public in and for said County, in said State, hereby certify that _____

whose name(s) is (are) signed to the foregoing conveyance, who is (are) known to me, acknowledged before me on this day, that being informed of the contents thereof, he (she) (they) voluntarily executed the same on the day of its date.

Given under my hand and seal this the _____ day of _____, 19 _____

_____
Notary Public

**Warranty Deed**

FROM

Dr. Calvin R. House
Rt. 1 Box 273
Seale, Ala.

TO

FOR

Received in my office for record on _____ day of _____, 19 _____ o'clock _____ and duly recorded in Record of Deeds, Vol. _____, Page _____.

_____ day of _____, 19 _____

Judge of Probate

Law Offices
CORNETT & PERDUE
1009 Broad Street
Phenix City, Ala.

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

ROBERT H. CROWE and )
EMMA C. CROWE, )
)
Plaintiffs, )
)
Vs. )                                    CASE NO. CV-2008- 047
)
BELLSOUTH TELECOMMUNICATIONS, )
INC. and STAR CONSTRUCTION, LLC, )
)
Defendants. )

## NOTICE OF SERVICE

Comes now, Sam E. Loftin, Attorney for Plaintiffs and pursuant to Alabama Rules

of Civil Procedure Rule 5 (d)(D), and notifies the Court that the following documents

have been served upon the Defendants along with the Summons and Complaint:

1.    Plaintiff's First Interrogatories To Defendants; and

2.    Plaintiff's First Request For Production of Documents To Defendants.

LOFTIN, LOFTIN & HALL

BY:_____
SAM E. LOFTIN (LOF004)
ATTORNEY FOR PLAINTIFFS
POST OFFICE BOX 2566
PHENIX CITY, ALABAMA  36868-2566
(334) 297-1870

FILED IN OFFICE
2008 FEB -5 PM12: 05
CIRCUIT/DIST COURT
RUSSELL CO., ALA

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

ROBERT H. CROWE and )
EMMA C. CROWE, )
)
Plaintiffs, )
)
Vs. )     CASE NO. CV-2008-_O47____
)
BELLSOUTH TELECOMMUNICATIONS, )
INC. and STAR CONSTRUCTION, LLC, )
)
Defendants. )

## PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANTS

Come now the Plaintiffs and propound the following interrogatories to be answered by the Defendants under oath and in the form and the manner prescribed by law:

### D E F I N I T I O N S

The following words, when used in the Interrogatories, unless otherwise indicated shall mean:

(A)    "Incident" - The event or events, transactions, or occurrences made the basis of this suit.

(B)    "Injury" - Any injury or injuries, direct or consequential, allegedly sustained in the incident.

(C)    "You" - The Defendant who is answering these interrogatories, or any agent, employee, including any experts whom you expect to be called as witnesses at trial, attorneys, and people who have access to the information requested from whom the Plaintiff can obtain such information.

1

(D)    "Describe or "description" - provide a narrative statement of the matter in question.

Please note that in lieu of identifying a document, you may produce the same for inspection and copying by Plaintiff pursuant to Rule 33(c) of the Alabama Rules of Civil Procedure.  Each document so produced should be identified by the number of the interrogatory.

1.    Does BellSouth or Star have any type of easement or license which would allow the trimming and cutting of trees on the Plaintiffs' property?

2.    Did BellSouth or Star get permission from either Plaintiff to enter their property and cut trees?

3.    Does BellSouth or Star contend that the cutting and trimming of trees on the Plaintiffs' property was authorized by the Plaintiffs?

4.    Does BellSouth or Star contend that the trees that were cut and trimmed were not located on the Plaintiffs' property?

5.    Does BellSouth or Star contend that it had the legal authority to cut and trim trees belonging to the Plaintiffs?  If so, please explain in detail what legal authority is relied upon.

6.    When was the BellSouth cable adjacent and along the Plaintiffs' property constructed?

7.    Prior to 2006 has either Defendant cut or trimmed trees located on the Plaintiffs' property?

2

8.    Does Bell South possess any information or documents regarding the need for vegetation management for the line in question from the time of installation to the present?

9.    Did BellSouth contract with Star to have Star cut and trim the trees which are the subject of Plaintiffs' complaint?

10.    Did BellSouth authorize, instruct or advise Star to cut and trim trees located along the BellSouth line, or cable, adjacent to Plaintiffs' property?

11.    Concerning the line or cable in question, state every reason why BellSouth elected to build an overhead system as opposed to underground.

12.    Concerning the line or cable in question, has BellSouth at any time considered a conversion of the overhead system to an underground system?  If so, please state when it was considered and the reasons why it was not done.

13.    Does BellSouth have a "Joint Use Agreement" with Tallapoosa River REA?

14.    Did BellSouth consider building the overhead section of the lines in question as an attached underbuild of the Tallapoosa River REA System located along the north side of Yuchi Pines Road (across the road from Plaintiffs' property), either during initial construction or when upgrades were made?  If so, please state each and every reason why it was not so built.

15.    Please identify the BellSouth department or group that is responsible for the construction, maintenance and operation of the telecommunication system in question, and state the name of the manager of the group or department.

3

16.    Does BellSouth have a real estate department, group or division which is responsible for the acquisition of land, land rights or easements necessary to carry on BellSouth's business? If so, please identify the person in charge.

17.    Does BellSouth have a record retention center or system that contains and preserves BellSouth legal documents relating to easements and/or land rights?

18.    Does BellSouth have a company policy regarding the acquisition of easements and/or land rights?

19.    Does BellSouth have any guidelines, practices or procedures relating to the acquisition of easements and/or land rights?

20.    Does BellSouth have any easements or land use agreements concerning any property located in Russell County, Alabama?

21.    What was the name of the project when the line or cable in question was erected?

22.    Did the project include a "Request For Right of Way Acquisition"?

23.    Identify by name, address and telephone number each individual involved in the actual trimming and cutting of the trees in question.

24.    Identify by name, address and telephone number the supervisor of the persons identified in response to Interrogatory 23. State this person's job title.

25.    Was there any discussion between BellSouth or Star employees relating to the cutting the trimming of the trees in question prior to the work being done?

26.    If the answer to Interrogatory 25 is in the affirmative please give in complete detail what was discussed and the persons involved in the discussion.

4

27.    Did Star receive any instructions or directions from BellSouth to cut and trim the trees in question?  If so, who gave the instructions or directions and to whom was it given?

28.    Identify any expert witness who might give testimony in this case and furnish all information set out in ARCP Rule 26 (b)(4).

LOFTIN, LOFTIN & HALL

BY: _____

SAM E. LOFTIN (LOF004)
ATTORNEY FOR PLAINTIFFS
POST OFFICE BOX 2566
PHENIX CITY, ALABAMA  36868-2566
(334) 297-1870

5

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| ROBERT H. CROWE and | ) | |
| EMMA C. CROWE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | CASE NO. CV-2008- 647 |
| | ) | |
| BELLSOUTH TELECOMMUNICATIONS, | ) | |
| INC. and STAR CONSTRUCTION, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S REQUEST FOR
### PRODUCTION OF DOCUMENTS TO DEFENDANTS

Come now the Plaintiffs, pursuant to Rule 34 of the Alabama Rules of Civil Procedure, and request the Defendants to produce the following documents for inspection and copying:

### DEFINITIONS

A.     The term "documents" shall mean and include, but shall not be limited to all originals and non-identical copies (whether by reason of alteration or of marginal notes) of correspondence, inter-office memoranda, intra-office memoranda, reports, notes, letters, telegrams, records or notes of telephone calls or other conversations, messages, evaluations, notices, records of payment, canceled checks and check stubs, bank statements, agreements.

B.     For each and every document that is claimed to be privileged: (i) identify the document by date, author, addressor and addressee; (ii) identify the person who presently has custody, control or possession of the original and all copies thereof; (iii) state specifically each and every ground on which the claim of privilege is based; (iv)

1

identify each person (by name, address, employer, job description or position at present) who received, or had access in the ordinary course of business to, the original and/or any copy of the document from the time the document was originated until the present.

1.     The contract between BellSouth and Star under which the work in question was performed.

2.     Any documents, written communications, memos, e-mails, or the like, relating to the cutting and trimming of the trees in question.

3.     Any easement or land use agreement regarding the Plaintiffs' property.

4.     All engineering drawings, construction drawings, field notes and the like relating to the BellSouth telecommunications line or cable at issue.

5.     All documents regarding vegetation management for the line in question, including, and not limited to, the work done which gives rise to the complaint.

6.     All documents regarding building the line in question as an overhead system.

7.     All documents regarding building the line in question adjacent to Plaintiffs' property.

8.     All policies and procedures relating to the acquisition of easements, right of ways or land use.

9.     All easements, right of ways or land use agreements in favor of BellSouth for property located in Russell County, Alabama.

10.     All instructions, directions or authorizations between Defendants relating to the cutting and trimming of the trees in question.

2

11.    All documents and communications between the Defendants relating to:

    (a)    The Plaintiffs;

    (b)    The Plaintiffs' property;

    (c)    The trimming and cutting of the trees in question; and

    (d)    The Plaintiffs' claim for damages.

12.    Any surveys relating to the telecommunication line in question.

13.    Reports from any experts hired by Defendants relating to this case and/or the Plaintiffs' claims.

LOFTIN, LOFTIN & HALL

BY: _____

SAM E. LOFTIN (LOF004)
ATTORNEY FOR PLAINTIFFS
POST OFFICE BOX 2566
PHENIX CITY, ALABAMA  36868-2566
(334) 297-1870

3

AVSO300

ALABAMA JUDICIAL DATA CENTER
RUSSELL        COUNTY

SUMMONS

CV 2008 000047.00
ALBERT L. JOHNSON

```
------------------------------------------------------------
|                                                          |
|        IN THE CIRCUIT COURT OF  RUSSELL      COUNTY      |
|                                                          |
|  ROBERT H. CROWE, ET AL  VS.  BELLSOUTH TELECOMMUNICATIONS, INC., ET AL
|                                                          |
|       SERVE ON: (D002)                                   |
|                                                          |
|                              PLAINTIFF`S ATTORNEY        |
|                                                          |
|     STAR CONSTRUCTION LLC          LOFTIN SAMUEL E       |
|     % MR ALLEN STOUTT              1705 7TH AVENUE       |
|     P O BOX 6297                   POST OFFICE BOX 2566  |
|     NOXVILLE      ,TN  37914-0000  PHENIX CITY   ,AL  36868-2566
------------------------------------------------------------
```

TO THE ABOVE NAMED DEFENDANT:

  THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST
TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS, YOU OR YOUR ATTORNEY ARE
REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER
ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS
ATTORNEY(S) SHOWN ABOVE OR ATTACHED:

  THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS
AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE
ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE COURT BELOW.

  ( )   TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(B)(2) OR
        4.2(B)(2) OR 4.4(B)(2) OF THE ALABAMA RULES OF CIVIL PROCEDURE:
        YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE
        COMPLAINT IN THIS ACTION UPON DEFENDANT.

  (X)   THIS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE
        WRITTEN REQUEST OF  _____  PURSUANT TO RULE 4.1(C)
        OF THE ALABAMA RULES OF CIVIL PROCEDURE.

  DATE: 02/05/2008             CLERK:KATHY COULTER         BY:
                                     PO BOX 518
                                     PHENIX CITY  AL  36868-0510
                                     (334)298-0516

---

<table>
<tr><td colspan="2"><strong>SENDER:</strong> COMPLETE THIS SECTION</td><td colspan="2">COMPLETE THIS SECTION ON DELIVERY</td></tr>
<tr><td colspan="2">
■ Complete items 1, 2, and 3. Also complete<br>
item 4 if Restricted Delivery is desired.<br>
■ Print your name and address on the reverse<br>
so that we can return the card to you.<br>
■ Attach this card to the back of the mailpiece,<br>
or on the front if space permits.
</td><td colspan="2">
A. Signature<br>
X _____ □ Agent / □ Addressee<br>
B. Received by (Printed Name)   C. Date of Delivery<br>
D. Is delivery address different from item 1? □ Yes<br>
If YES, enter delivery address below: □ No
</td></tr>
<tr><td colspan="2">
1. Article Addressed to:<br>
STAR CONSTRUCTION, LLC<br>
c/o MR. ALLEN STOUTT<br>
P. O. BOX 6297<br>
KNOXVILLE, TENNESSEE 37914
</td><td colspan="2">
3. Service Type<br>
□ Certified Mail  □ Express Mail<br>
□ Registered  □ Return Receipt for Merchandise<br>
□ Insured Mail  □ C.O.D.<br>
4. Restricted Delivery? (Extra Fee)  □ Yes
</td></tr>
<tr><td colspan="2">
2. Article Number<br>
(Transfer from service label)<br>
7002 2030 0003 2198 4454
</td><td colspan="2"></td></tr>
<tr><td colspan="2">PS Form 3811, February 2004    Domestic Return Receipt</td><td colspan="2">102595-02-M-1540</td></tr>
</table>

CV-08-047    D002

OPERATOR:
PREPARED:

| State of Alabama Unified Judicial System | **COVER SHEET CIRCUIT COURT – CIVIL CASE** (Not For Domestic Relations Cases) | Case Number |
|---|---|---|
| Form ARCiv-93    Rev.6/99 | | C V 2008 - 047 - - |
| | | Date of Filing:  0 2  0 5  2 0 0 8     Judge Code: L O H O T 2 |
| | | Month    Day    Year |

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF _____ RUSSELL _____, ALABAMA
*(Name of County)*

ROBERT H. CROWE AND EMMA C. CROWE    v.  BELLSOUTH TELECOMMUNICATIONS, INC.
                                                                            et al.

First Plaintiff    ☐ Business  ☑ Individual          First Defendant    ☑ Business  ☐ Individual
                   ☐ Government ☐ Other                                   ☐ Government ☐ Other

**NATURE OF SUIT:**  Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☒ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN** *(check one):*    F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER:
                            R ☐ REMANDED          T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**    ☐ YES  ☑ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**    ☑ MONETARY AWARD REQUESTED    ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**    L O F 0 0 4    February 5, 2008    _Sally_____
                                     Date    Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**    ☐ YES  ☐ NO  ☑ UNDECIDED

DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602004315
Cashier ID: brobinso
Transaction Date: 03/14/2008
Payer Name: CARPENTER INGRAM
------------------------------------
CIVIL FILING FEE
 For: CARPENTER INGRAM
 Case/Party: D-ALM-3-08-CV-000179-001
 Amount:          $350.00
------------------------------------
CHECK
 Check/Money Order Num: 14512
 Amt Tendered:  $350.00
------------------------------------
Total Due:        $350.00
Total Tendered:  $350.00
Change Amt:      $0.00

CROWE ET AL V. BELLSOUTH ET AL