IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ROBERT H. CROWE AND EMMA C CROWE, | ) ) ) |
| Plaintiffs, | ) ) |
| | ) CIVIL ACTION NO.__3:08-cv-00179-WC |
| vs. | ) ) ) |
| BELLSOUTH TELECOMMUNICATIONS INC., and STAR CONSTRUCTION, LLC. | ) ) ) |
| Defendants. | ) |

**ANSWER TO COMPLAINT**

COME NOW, the Defendant, Star Construction, LLC, and in answer to Plaintiffs' Complaint says as follows:

1. Defendant does not have sufficient information to admit or deny the allegations of paragraph one of the complaint.

2. Defendant does not have sufficient information to admit or deny the allegations of paragraph two of the complaint.

3. Defendant admits the allegations of paragraph three of the complaint.

4. Defendant denies the allegations of paragraph four of the complaint.

5. Defendant denies the allegations of paragraph five of the complaint.

6. Defendant denies the allegations of paragraph five of the complaint.

Defendants, having fully responded to the numbered paragraphs of plaintiffs' complaint, hereby asserts the following affirmative defenses.

## FIRST DEFENSE

Defendant pleads the general issue, denies each and every material allegation of the Complaint not specifically admitted, and demands strict proof thereof.

## SECOND DEFENSE

Defendant avers that the alleged damages of the plaintiffs were caused or contributed to by the negligence, fault, want of care, or wantonness of plaintiffs.

## THIRD DEFENSE

Defendant avers that plaintiff's Complaint is barred by the statute of limitations.

## FOURTH DEFENSE

Defendant avers that the injuries and damages alleged in the Complaint are a result of superseding or intervening acts of individuals or entities other than this defendant.

## FIFTH DEFENSE

Defendant denies that plaintiffs were injured and damaged to the extent alleged.

## SIXTH DEFENSE

Defendant pleads a sudden emergency.

## SEVENTH DEFENSE

Defendant pleads insufficiency of process.

## EIGHTH DEFENSE

Defendant pleads insufficiency of service of process.

## NINTH DEFENSE

Defendant pleads failure to state a claim upon which relief can be granted.

## TENTH DEFENSE

The complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

## ELEVENTH DEFENSE

Defendant avers that the alleged damages of the plaintiffs were caused or contributed to by the negligence, fault, want of care, or wantonness of the plaintiffs.

## TWELFTH DEFENSE

Defendant denies that it was guilty of any trespass, insult, contumely, rude, wanton, reckless or insulting behavior.

## THIRTEENTH DEFENSE

The defendant did not act wantonly.

## FOURTEENTH DEFENSE

The defendant did not act negligently.

## FIFTEENTH DEFENSE

Defendant avers that plaintiffs' alleged injuries and damages were the result of an unavoidable accident or occurrence.

## SIXTEENTH DEFENSE

Defendant pleads the defenses of waiver, res judicata, collateral estoppel and release.

## SEVENTEENTH DEFENSE

Plaintiffs' claims for punitive damages violates the due process clauses of the Constitution of the United States and the Constitution of the State of Alabama.

## EIGHTEENTH DEFENSE

Defendant denies that it has been guilty of any conduct that warrants the issue of punitive damages being submitted to a jury or allows Plaintiffs to recover punitive damages.

## NINETEENTH DEFENSE

Plaintiffs' claims for the recovery of punitive damages are barred in this action by section 6-11-20, et seq., of the Code of Alabama.

### TWENTIETH DEFENSE

Defendant pleads the limitations and protections of Section 6-11-27 of the Code of Alabama, as amended.

### TWENTY-FIRST DEFENSE

Any verdict based upon Plaintiffs' claim for punitive damages or for compensatory damages for pain and suffering, mental anguish or emotional distress would violate this defendant's guarantee of due process and equal protection under the laws as established by the United States Constitution and the Alabama Constitution as the standards for assessing the propriety and amount of such damages violate the constitutional prohibition against vague and over board laws.

### TWENTY-SECOND DEFENSE

The punitive damages sought are in excess of comparable maximums established for criminal fines by the Alabama Legislature in Code of Alabama sections 13-A-4-11 and 13-A-5-12 jointly and separately.

### TWENTY-THIRD DEFENSE

To the extent that Plaintiffs' demand for punitive damages may result in multiple punitive damage awards to be assessed for the same act or omission against this defendant, any award would contravene this defendant's rights to due process under the Fourteenth Amendment of the United States Constitution and the due process clause of article 1, section 13 of the Alabama Constitution. In addition, any award would infringe upon this defendant's rights against double jeopardy insured by the Fifth Amendment of the United State Constitution and/or article 1, section 9 of the Alabama Constitution.

### TWENTY-FOURTH DEFENSE

The imposition of punitive damages in this case would deny this defendant its right to equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution and Article 1, Sections 1, 6 and 22 of the Alabama Constitution. Specifically, defendants are treated differently from criminal defendants which are charged for similar or identical culpability. Alternatively, the absence of adequate and objective standards for guiding in the assessment of punitive damages fails to insure the equality of treatment between and among similarly situated civil defendants.

### TWENTY-FIFTH DEFENSE

The assessment of punitive damages in this action would impinge upon the Commerce Clause of Article 1, Section 8 of the United States Constitution as it constitutes an undue and unreasonable burden on interstate commerce. Alternatively, such an award is violative of the Commerce Clause to the extent that such award punishes acts or omissions which have allegedly occurred solely outside of state boundaries.

### TWENTY-SIXTH DEFENSE

The imposition of punitive damages in this case would violate this defendant's rights under the Contract Clause of Article 1, Section 10 of the United States Constitution and article 1, section 22 of the Alabama Constitution in that it would impair the contractual obligations of parties to this litigation.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' demand for punitive damages violates this defendant's guarantees of due process and equal protection under the laws as established by the United States Constitution and the Alabama Constitution as the standards for assessing the propriety and amount of punitive damages violate the constitutional prohibition against vague and over board laws.

5

## TWENTY-EIGHTH DEFENSE

The award of punitive damages in this case would contravene the constitutional prohibition against ex post facto laws as found in article 1, section 22 of the Alabama Constitution.

## TWENTY-NINTH DEFENSE

With respect to Plaintiffs' demand for punitive damages, this defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards which arose in the decision of <u>BMW of North America, Inc. v. Gore</u>, 116 S. Ct. 1589 (1996) and the application thereof in <u>BMW of North America, Inc. v. Gore</u>, 701 So.2d 507 (1997).

## THIRTIETH DEFENSE

Any award of punitive damages in this case would be subject to scrutiny under the factors set forth in <u>BMW of North America, Inc. v. Gore</u>, 116 S. Ct. 1589 (1996) and the application thereof in <u>BMW of North America, Inc. v. Gore</u>, 701 So.2d 507 (1997), and <u>State Farm Mutual Automobile Insurance Co. v. Campbell</u>, 123 S. Ct. 1513 (2003).

## THIRTY-FIRST DEFENSE

Any jury making an award of punitive damages in this case must consider the factors set forth in <u>BMW of North America, Inc. v. Gore</u>, 116 S. Ct. 1589 (1996) and the application thereof in <u>BMW of North America, Inc. v. Gore</u>, 701 So.2d 507 (1997), and <u>State Farm Mutual Automobile Insurance Co. v. Campbell</u>, 123 S. Ct. 1513 (2003).

## THIRTY-SECOND DEFENSE

Any award of punitive damages in this case would be unconstitutional under <u>BMW of North America, Inc. v. Gore</u>, 116 S. Ct. 1589 (1996) and the application thereof in <u>BMW of North America, Inc. v. Gore</u>, 701 So.2d 507 (1997), and <u>State Farm Mutual Automobile Insurance Co.</u>

v. Campbell, 123 S. Ct. 1513 (2003), as defendants received no notice of the severity of the potential penalty that might be imposed as punishment under Alabama law.

### THIRTY-THIRD DEFENSE

With respect to Plaintiffs' demand for punitive damages, this defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards which arose in the decision of State Farm Mutual Automobile Insurance Co. v. Campbell, 123 S. Ct. 1513 (2003).

### THIRTY-FOURTH DEFENSE

At all times relevant, the Defendants herein acted in good faith.

### THIRTY-FIFTH DEFENSE

The damages claimed are speculative and conjectural.

### THIRTY-SIXTH DEFENSE

The damages claimed are not based on the measure of damages allowable for trespass.

### THIRTY-SEVENTH DEFENSE

Plaintiffs' claims are barred by laches.

### THIRTY-EIGHTH DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

### THIRTY-NINTH DEFENSE

Plaintiffs have failed to exhaust their remedies before the Alabama Public Service Commission.

### FORTIETH DEFENSE

Plaintiffs cannot establish the elements of a cause of action for trespass.

## **FORTY-FIRST DEFENSE**

Defendant reserves the right to amend this answer as discovery is ongoing.

/s/ Sam Ingram<br>SAM INGRAM (ING-029)

OF COUNSEL:
Carpenter, Ingram & Mosholder, LLP
303 Sterling Centre
4121 Carmichael Road
Montgomery, AL 36106
Telephone: (334) 213-5600

### CERTIFICATE OF SERVICE

    I hereby certify that on March 20, 2008, I electronically filed the foregoing with the Clerk of the Court which sends information of such filing to counsel of record in this cause and those not registered with electronic notification have been served placing a copy of the same in the U.S. mail, postage prepaid, and properly addressed this 20th day of March, 2008.

Mr. Sam E. Loftin
Counsel for Plaintiff
P.O. Box 2566
Phenix City, AL 36868

Jeffrey E. Holmes
Counsel For Defendant, Bellsouth
Johnston Barton Proctor & Rose LLP
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, AL 35209
Telephone: (205) 458-9472
Facsimile: (205) 458-9500

/s/Sam Ingram<br>ATTORNEY FOR DEFENDANT

G:\7022\Pleading\3.18.08Answer.to.Complaint