IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ROBERT H. CROWE, *et al.*,            )
                                      )
            Plaintiffs,               )
                                      )
v.                                    )   CIVIL ACTION NO. 3:08cv179-WC
                                      )
BELLSOUTH TELECOMMUNICATIONS, )
INC., *et al.*,                       )
                                      )
            Defendants.               )

# MEMORANDUM OPINION AND ORDER

## I.    INTRODUCTION

Plaintiffs, Robert H. Crowe and Emma C. Crowe, bring this lawsuit based on an alleged trespass of their property by Defendants BellSouth Telecommunications, Inc., and Star Construction, LLC. Pending before the Court is Defendants' Motion for Summary Judgment (Doc. #32).  Plaintiffs filed a Response (Doc. #33) and Defendants filed a Reply (Doc. #34).

Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pls.' Consent to Jurisdiction (Doc. #15);  Defs' Consent to Jurisdiction (Doc. #16).  For the reasons discussed below, the Motion for Summary Judgment (Doc. #20) is DENIED.

## II.     JURISDICTION AND VENUE

Jurisdiction over this action is proper pursuant to 28 U.S.C. § 1332 (diversity) and 28 U.S.C. § 1441(a) (removal jurisdiction).

## III.     STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "An issue of fact is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party.  An issue is 'material' if it might affect the outcome of the case under the governing law." *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489, 1496 (11th Cir.1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (quoting Rule 56(c)).  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-

2

moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id*. at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, a court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson*, 477 U.S. at 255. After the non-moving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

## IV.   FACTS

The Court has carefully considered all deposition excerpts and documents submitted in support of the pleadings, and the statement of uncontested facts contained within the Motion for Summary Judgment. The submissions of the parties, viewed in the light most favorable to the non-moving party, establish the following facts:

In 2006, Defendant Star Construction, LLC, at the direction of Defendant BellSouth

Telecommunications, Inc., topped and cut various trees on Plaintiffs' property in maintenance of telephone lines.

## V.    DISCUSSION

Defendants argue summary judgment is appropriate because their actions did not constitute a trespass because as they have an easement on Plaintiffs' land.  Defendants also argue that even if Plaintiffs could prove a trespass had occurred, they cannot establish damages.

### A.    Easement

Defendants argue they have acquired an easement on Plaintiffs' land by implication and/or prescription.

#### 1.    Easement by implication

In order to establish an easement by implication, Alabama law requires a showing of "not only original unity of ownership, *Brewer v. Avinger*, 208 Ala. 411, 94 So. 590 (1922), but also that the use be open, visible, continuous, and reasonably necessary to the estate granted." *Helms v. Tullis*, 398 So. 2d 253, 255 (Ala. 1981).  Further, Defendants must show that the open, visible, continuous, and reasonably necessary use was consistent with the nature of the property.  *Miller v. Harris*, 945 So. 2d 1072, 1075 (Ala. Civ. App. 2006).  In addition, "[a]n implied easement requires that the easement be reasonably necessary, but it is a question of fact in each particular case whether the right in question constitutes a necessity to the property conveyed." *Pinkston v. Hartley*, 511 So. 2d 168, 169 (Ala. 1987).

Defendants have failed to establish that each of these questions of fact are not in dispute. In fact, Defendants Motion fails to address each of these factual elements.

Further, regardless of whether Defendants have shown their use to be "open, visible, continuous, and reasonably necessary," the question remains whether there was original unity of ownership. Defendants fail to even allege unity of ownership. Plaintiffs maintain that there was no unity of ownership, since most of the telephone lines do not exist on their property. Here, prior to an entry of judgment, it would be appropriate for a finder of fact to determine whether: (1) there had been unity of ownership; (2) the use was open, visible, continuous, and reasonably necessary; and (3) that the use was consistent with the nature of the property.

Therefore, summary judgment based on an implied easement is not appropriate.

### 2.     Easement by prescription

"To establish an easement by prescription, the claimant must use the premises over which the easement is claimed for a period of twenty years or more, adversely to the owner of the premises, under claim of right, exclusive, continuous, and uninterrupted, with actual or presumptive knowledge of the owner." *Bull v. Salsman*, 435 So. 2d 27, 29 (Ala. 1983). Defendants point to deposition testimony by Plaintiff to establish that use of the property has been for a period of more than twenty years. (Doc. #32-2 at 9). Plaintiffs dispute Defendants' claim, arguing that most of the land used by Defendants did not belong to Plaintiffs.

5

Plaintiffs' claims of trespass center on the cutting and destruction of trees located on their property in 2006.  To the extent the telephone lines do not sit on Plaintiffs' property, there can be no prescription.  As to the portions of the lines and/or equipment that resided on Plaintiffs' property, there has been no showing that it was done without permission. "The presumption is that the use is permissive, and the claimant has the burden of proving that the use was adverse to the owner." *Bull*, 435 So. 2d at 29.   "A permissive use of lands does not ripen into an adverse use until there has been a repudiation of the permissive use so as to afford the owner notice of an adverse claim." *Aman v. Gilley*, 2005 WL 2106377 (Ala. Civ. App. Sep. 2, 2005) (citing *Cotton v. May*, 301 So. 2d 168 (1974); *Gonzalez v. Naman*, 678 So. 2d 1152 (Ala. Civ. App. 1996)).  Here, it appears that the repudiation did not happen until 2006.

Further, Defendants have not established that their possession was adverse.  If it is established that Defendants' equipment trespassed on to Plaintiffs' land for an extended period of time, a trier of fact must determine whether the use of the property was adverse and for how long. In other words, there are far too many questions of material fact to be answered before a determination on this issue can be made.  Accordingly, summary judgment is not appropriate.

### B.    Damages

Defendants argue that Plaintiffs cannot establish damages in this case.  Specifically, Defendants argue that, under Alabama law, in an action such as this, damages are measured

by the difference between the value of the land immediately before and after the trespass. Defendants claim that Plaintiffs seek compensation for trees that "were simply topped and remain living on the property," and that Plaintiffs have suffered no damages.  (Doc. #32-2 at 11-12).  Plaintiffs agree with the method of determining damages, but argue that the trier of fact should determine the amount of damages.

Defendants cite this Court to *Ryals v. Hunter*, 638 So. 2d 2 (Ala. Civ. App. 1994), in support of their contention about how damages are measured in real estate cases.  Indeed, the *Ryals* court states: "The legal measure of damages to real estate in cases such as the present case is the difference between the value of the land immediately before the trespass and the value of the land immediately after the trespass."[1]  *Id*. at 3.  Defendants argue that, because Plaintiffs' expert, George Barker, did not do a valuation of damages based on the value of Plaintiffs property before and after the trespass, they are unable to prove damages.

However, the *Ryals* court went on to say that "the owner[] is entitled to give her opinion as to the value of the property before and after the trespass to establish the legal measure of damages."[2]  *Id*.  Indeed, it is clear under Alabama law that "a landowner can testify as to the value of his property, even if he is not an expert."  *Seale v. Pearson*, 736 So. 2d 1108, 1112-13 (Ala. Civ. App. 1999); *see also Kerns v. Pro-Foam of South Alabama,*

---

[1] Similar to the case at bar, in *Ryals*, plaintiffs sued defendants for trespass and the cutting of trees.  *Id*. at 2.

[2] The Court notes that this quote appears in the very next sentence in the *Ryals* opinion, which itself is only about five sentences long.  Neither party addressed this portion of the opinion, despite its relevancy.

*Inc.*, 572 F. Supp. 2d 1303, 1307 (S.D. Ala. 2007) ("[t]he general rule is that an owner of real estate is competent to testify as to its value.") (quoting *Alabama Power Co. v. Cummings*, 466 So. 2d 99, 102-03 (Ala. 1985)); *S.S. Steele & Co., Inc. v. Pugh*, 473 So. 2d 978 (Ala. 1985); *Wilkens v. Kaufman*, 615 So. 2d 613, 615 (Ala. Civ. App. 1992) ("A person may testify to the value of his or her land, even if that person is not an expert."); *Carson v. Canales*, 409 So. 2d 842, 843 (Ala. Civ. App. 1981) (trial court relied on plaintiff's testimony that market value of his house had fallen from $58,000 to $50,000 or $51,000 because of cracked walls, sagging kitchen floor, and chimney that smoked through walls).

Thus, Defendants' contention that Plaintiffs are unable to establish damages at trial because they have no expert to testify as to the value of the land before and after the trespass is without merit.  Accordingly, because Plaintiffs may testify at trial in an attempt to establish damages, summary judgment is inappropriate.

## VI.    CONCLUSION

For the foregoing reasons, it is ORDERED that Defendants' Motion for Summary Judgment (Doc. #32) is DENIED

DONE this 26th day of June, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE